# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6390 | **DATE** | 1/6/2004 |
| **CASE TITLE** | Strange vs. Armor Systems Corp. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** ASC's petition (Doc 14-1) for attorney's fees is denied. Ruling set for January 14, 2004 is stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 07 2004 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/6/2004 | |
| SCT | courtroom deputy's initials | 04 JAN -7 AM 5:10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY STRANGE, )
)
Plaintiff, )
)
vs. ) 03 C 6390
)
ARMOR SYSTEMS CORPORATION; FIRST )
BANK MORTGAGE, a National banking entity; )
EQUIFAX INFORMATION SERVICES LLC, a )
foreign limited liability company; and TRANS )
UNION, LLC, a foreign limited liability company, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Armor Systems Corporation's ("ASC") petition for attorney's fees. For the reasons set forth below the petition is denied.

## BACKGROUND

On September 10, 2003, Plaintiff Jeffrey Strange ("Strange") filed a complaint against ASC, a debt collection agency, stemming from ASC's reporting of a $100 fine Strange owed to the Wilmette Police Department to various credit reporting agencies who were also named as defendants. Strange's complaint alleged that ASC violated

18

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15, U.S.C. § 1692 *et seq.*, and also sought Illinois common law relief. On October 10, 2003, Strange voluntarily dismissed his complaint against ASC. According to Strange, he dropped his case against ASC because he had already settled his disputes with the credit agencies and no longer wished to pursue litigation. On the other hand, ASC claims that the voluntary dismissal occurred only after it informed Strange of various deficiencies in his lawsuit.

ASC now moves for the court to award attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), asserting that Strange's complaint was brought in bad faith and for the purpose of harassment.[1]

## DISCUSSION

The FDCPA contains a provision where the court may award attorneys fees to a defendant if it finds that the plaintiff's FDCPA lawsuit "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). ASC claims that it is entitled to fees under this provision because (1) Strange's lawsuit was barred under the FDCPA's one-year statute of limitations, (2) Strange's fine to the Wilmette Police

---

[1] ASC also seeks attorney's fees based on 42 U.S.C. § 2000e-5(k). However, as that provision applies only to cases filed under Title VII, Dunning v. Simmons Airlines, Inc., 62 F.3d 863, 872 (7th Cir. 1995), this opinion will deal solely with ASC's petition under the FDCPA's attorney's fees mechanism, 15 U.S.C. § 1692k(a)(3).

Department is not a "debt" that would entitle him to a cause of action under the FDCPA, and (3) Strange improperly served ASC by faxing and mailing the complaint to ASC without the requisite request to waive service. According to ASC, Strange (who is a lawyer) and his attorneys have a duty to know the law and for this reason, Strange's purportedly deficient complaint, method of service, and tardy dismissal are evidence of a lawsuit brought in bad faith and for the purpose of harassment.

A clear standard for what constitutes a lawsuit brought in bad faith and for the purpose of harassment under 15 U.S.C. § 1692k(a)(3) has yet to be delineated in the Seventh Circuit. See Horkey v. J.V.D.B & Associates, Inc., 333 F. 3d 769 (7th Cir. 2003). However, in order to be awarded fees under 15 U.S.C. § 1692k(a)(3) a defendant must show that the plaintiff's "entire lawsuit," as opposed to solely the FDCPA claims, was brought in bad faith and for the purposes of harassment. Id. at 775. We do not find that ASC has met this burden. According to ASC, Strange's complaint alleged an eighteen-month-old cause of action, and was thus barred by the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d). Assuming, for the sake of argument, that filing a time-barred complaint is evidence of bad faith and intent to harass, ASC still has the burden of demonstrating impropriety as to the other aspects of Strange's lawsuit.

Unlike the FDCPA, the FCRA contains a two-year statute of limitations. 15 U.S.C. § 1681p. For this reason, at least one count of Strange's complaint was timely filed. ASC asserts that Strange's FCRA claim is a "red herring" and that it is only seeking fees under the FDCPA. Reply at p. 5. The portions of ASC's moving papers discussing the shortcomings in Strange's claims focus almost entirely on the FDCPA and offer little argument as to any underlying deficiencies of Strange's FCRA claim. Without delving deeply into the underlying facts of the parties' dispute, we find that Strange offers enough legal argument such that it appears that his FCRA claim was colorable and not brought in bad faith. Because ASC cannot show that each count of Strange's complaint was brought in bad faith and for the purpose of harassment, it is not entitled to an award under the Horkey interpretation of the FDCPA's attorney's fees provision.

ASC also suggests that Strange's improper service of the complaint demonstrates that his lawsuit was brought in bad faith and with intent to harass. Despite the lack of guidance by the Seventh Circuit for FDCPA attorney's fees petitions, it would be hard to imagine that deficient service could be evidence of bad faith or harassment. ASC asserts that by faxing and mailing the complaint without an attached request for waiver, Strange engaged in harassment in an attempt to "extract nuisance money." Reply at p. 2. However, because improper service is a ground for

dismissal, a complaint served in such manner would seem to carry little weight when seeking an intimidation based settlement. Rather than intending to harass, by improperly serving the complaint it appears that Strange's counsel simply engaged in sloppy lawyering, which we do not find rises to the level of conduct that would warrant awarding fees under 15 U.S.C. § 1692k(a)(3).

## CONCLUSION

Based on the foregoing analysis, ASC's petition for attorney's fees is denied.

_(signature)_

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN - 6 2004